IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MALCOLM HEADEN              :
                            :  CIVIL ACTION
        Plaintiff           :
                            :
    vs.                     :  NO. 18-CV-3016
                            :
OFFICER THOMAS CLARKE,      :
LT. JOHN MCCROREY and       :
OFFICER GREGORY HOLMAN      :
                            :
        Defendants          :

**MEMORANDUM AND ORDER**

**JOYNER, J.**                                      April 2, 2019

This civil rights action is now before the Court on motion of the defendants for summary judgment. For the reasons which follow, the motion shall be granted and judgment entered in favor of Defendants as a matter of law.

**History of the Case**

According to the averments set forth in Plaintiff's Amended Complaint, at approximately 10 p.m. on February 17, 2016 Defendants, all of whom are Philadelphia police officers, came to his residence at 1705 Georges Lane in Philadelphia to execute a search warrant. The warrant had been obtained based upon a February 12, 2016 report from a civilian complainant[1] that his

---

[1] The civilian complainant, Jamar Headen, was apparently another cousin.

1

cousin, Alanshaun Headen with whom Plaintiff resided, had slashed the tires of his car, broken the drivers' side window and stolen a firearm along with two 7-shot magazines from his vehicle. The search warrant authorized the search of Plaintiff's residence at 1705 Georges Lane for the weapon and magazines.

At the time of the search, Plaintiff was the only person at home. Although the weapon that had been designated on the warrant was not discovered, during the search Defendants found a large quantity of marijuana, crack cocaine and over $2,000 in cash in one of the bedrooms, some 348 grams of marijuana and a digital scale in the kitchen and additional marijuana, a firearm with an obliterated serial number and over $1,000 in cash in the basement of the house. Although nothing was discovered in Plaintiff's bedroom, he was nevertheless arrested and charged with Manufacture/Delivery/Possession with Intent to Manufacture or Deliver narcotics in violation of 35 P.S. §780-113(a)(16),(30) and Possession of a Firearm with Altered Manufacturer's number in violation of 18 Pa. C.S.A. §6110.2. Plaintiff remained incarcerated until March 4, 2016 when he was finally able to post bail. The charges against him were eventually dismissed one year later on February 23, 2017 when a motion to suppress evidence was granted.

Plaintiff instituted suit on February 20, 2018 by filing a Writ of Summons in the Court of Common Pleas of Philadelphia County. Following the filing of a Complaint, Defendants removed this matter to this Court on July 19, 2018. An Amended Complaint was filed on August 15, 2018 and following the filing of a second Motion to Dismiss, Count I of the Amended Complaint purporting to assert a cause of action against the City of Philadelphia was dismissed. Discovery has since closed and the remaining defendants (the individual police officers) now move for the entry of judgment in their favor on the two counts left standing – for malicious prosecution and arrest without probable cause pursuant to 42 U.S.C. §1983 and arrest without probable cause under Pennsylvania common law.

**Standards for Adjudicating Summary Judgment Motions**

The general principles underscoring motions for summary judgment are outlined broadly in Fed. R. Civ. P. 56. Under subsection (a),

> A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

In considering a motion for summary judgment, a reviewing court must view the facts in the light most favorable to the

3

non-moving party and draw all reasonable inferences in that party's favor. Burton v. Teleflex, Inc., 707 F.3d 417, 425 (3d Cir. 2013); Roth v. Norfalco, LLC, 651 F.3d 367, 373 (3d Cir. 2011). "The moving party 'bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" El v. SEPTA, 479 F.3d 232, 237 (3d Cir. 2007)(quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed.2d 265 (1986)). An issue of fact is material and genuine if it "affects the outcome of the suit under the governing law and could lead a reasonable jury to return a verdict in favor of the nonmoving party." Parkell v. Danberg, 833 F.3d 313, 323 (3d Cir. 2016)(quoting Willis v. UPMC Children's Hospital of Pittsburgh, 808 F.3d 638, 643 (3d Cir. 2015)).

Further, inferences must flow directly from admissible evidence. Halsey v. Pfeiffer, 750 F.3d 273, 287 (3d Cir. 2014). In order to survive summary judgment, the non-moving party must present more than a mere scintilla of evidence – there must be evidence on which a jury could reasonably find for the non-movant. Burton, supra,(quoting Jakimas v. Hoffman-LaRoche, Inc., 485 F.3d 770, 777 (3d Cir. 2007)).

## Discussion

As stated above, in Count II of his Amended Complaint, Plaintiff raises claims for false arrest and malicious prosecution against the three individual Philadelphia police officers who executed the search warrant and arrested him pursuant to 42 U.S.C. §1983. Count III of the Amended Complaint appears to aver a cause of action for false arrest under Pennsylvania state law.

Turning first to Plaintiff's federal claims, we note that Section 1983 reads as follows in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. …

Section 1983 thereby "creates a cause of action against every person who under color of any state law … subjects or causes to be subjected any citizen of the United States or other person within [its] jurisdiction to the deprivation of any rights, privileges or immunities secured by the Constitution" and "provides a remedy for violations of federal law by persons

acting pursuant to state law." See, Hindes v. FDIC, 137 F.3d 148, 158 (3d Cir. 1998); Harvey v. Renewal, Inc., Civ. A. No. 3:15-133, 2016 U.S. Dist. LEXIS 4737 at *17 (W.D. Pa. Jan. 14, 2016). It has therefore been said that "Section 1983 is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution that it describes." Pearson v. Prison Health Service, 850 F.3d 526, 534, n.2 (3d Cir. 2017)(quoting Baker v. McCollan, 443 U.S. 137, 144,, n.3, 99 S. Ct. 2689, 61 L. Ed.2d 433 (1979)). Thus, to establish a Section 1983 claim, a plaintiff must demonstrate that (1) there was a violation of a right under the Constitution and (2) the violation was caused by a person acting under color of State law. Diaz v. Bullock, 268 F. Supp. 3d 640, 647 (D. N.J. 2017)(citing West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed.2d 40 (1988)).

"[T]he threshold inquiry in a §1983 suit … requires courts to 'identify the specific constitutional right' at issue" and, "[a]fter pinpointing that right, courts still must determine the elements of, and rules associated with, an action seeking damages for its violation." Manuel v. City of Joliet, 137 S. Ct. 911, 920, 197 L. Ed.2d 312 (2017)(citing Albright v. Oliver, 510 U.S. 266, 271, 114 S. Ct. 807, 127 L. Ed.2d 114 (1994) and

Carey v. Piphus, 435 U.S. 247, 257-258, 98 S. Ct. 1042, 55 L. Ed.2d 252 (1978)).

In his Amended Complaint, Plaintiff identifies the Fourth and Fourteenth Amendments as the sources of the Constitutional rights which he alleges were violated by Defendants insofar as he was entitled "to be free from arrests without probable cause and/or legal justification and from malicious prosecution, and to due process." (Pl's Am. Compl., ¶37). It is of course axiomatic that the Fourth Amendment protects against unreasonable searches and seizures of people and property and guarantees that:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized.

The Fourteenth Amendment, in turn, provides the following in pertinent part:

> All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

U.S. Const. Amend. XIV, §1.

Thus, "[b]y virtue of its 'incorporation' into the Fourteenth Amendment, the Fourth Amendment requires the States to provide a fair and reliable determination of probable cause as a condition for any significant pretrial restraint of liberty." Baker v. McCollan, 443 U.S. 137, 142-143, 99 S. Ct. 2689, 2694, 61 L. Ed. 2d 433 (1979). Accordingly, the proper inquiry in a Section 1983 claim based on false arrest is not whether the person arrested in fact committed the offense but whether the arresting officers had probable cause to believe the person arrested had committed the offense. Groman v. Township of Manalapan, 47 F.3d 628, 634 (3d Cir. 1995). "Probable cause exists 'whenever reasonably trustworthy information or circumstances within a police officer's knowledge are sufficient to warrant a person of reasonable caution to conclude that an offense has been committed by the person being arrested.'" Bergdoll v. City of York, 515 Fed. Appx. 165, 169 (3d Cir. March 15, 2013)(quoting United States v. Myers, 308 F.3d 251, 255 (3d Cir. 2002)). In making the probable cause inquiry, "[a] court must look at the 'totality of the circumstances' and use a 'common sense' approach to the issue of probable cause." Sharrar v. Felsing, 128 F.3d 810, 818 (3d Cir. 1997).

"To prove a Fourth Amendment malicious prosecution claim, a plaintiff must show: '(1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3)

the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.'" Black v. Montgomery County, 835 F.3d 358, 364 (3d Cir. 2016)(quoting Johnson v. Knorr, 477 F.3d 75, 82 (3d Cir. 2007)). "The element of favorable termination is established by showing that the proceeding ended in any manner 'that indicates the innocence of the accused,' … which can be satisfied when charges are formally abandoned by way of a *nol pros*." Geness v. Cox, 902 F.3d 344, 356 (3d Cir. 2018)(quoting Kossler v. Crisanti, 564 F.3d 181, 187 (3d Cir. 2009) and Donahue v. Gavin, 280 F.3d 371, 383 (3d Cir. 2002)).

In reviewing the evidentiary record in this case under the lens of the preceding legal principles, we conclude that summary judgment is properly granted in Defendants' favor. With regard to the malicious prosecution claim, while the first, second and fifth elements are made out, the third and fourth are not. Likewise, the threshold showing necessary to sustain Plaintiff's false arrest claims has also not been made.[2] This is because

---

[2] The elements for both false arrest/false imprisonment and malicious prosecution under Pennsylvania state law are virtually identical to those under federal law. As summarized in Berrios v. City of Philadelphia, 96 F. Supp.3d 523 (E.D. Pa. 2015):

9

the record evidence demonstrates that the defendant officers had probable cause to search the house where Plaintiff resided with his cousin and one other person and that as a result of the discovery of guns, cash and illegal drugs, probable cause indeed existed to place Plaintiff under arrest.

More particularly, at the time of the search, the defendants were in possession of Search Warrant No. 194534 issued earlier that day upon application of Defendant Detective Holman who had interviewed Jamar Headen, the complainant. The search warrant authorized the search of the property at 1705 Georges Lane in Philadelphia for "a black Taurus .9 mm handgun serial #TGT25085, two magazines, any ballistic evidence, proof of residence, and all items of evidentiary value related to this investigation" (the reported car break-in and theft of the sought-after handgun by Alanshaun Headen). Although that

---

"The elements of false arrest/false imprisonment are: (1) the detention of another person (2) that is unlawful." Manley v. Fitzgerald, 997 A.2d 1235, 1241 (Pa. Commw. Ct. 2010). "An arrest based upon probable cause would be justified, regardless of whether the individual arrested was guilty or not." Renk v. City of Pittsburgh, 537 Pa. 68, 76, 641 A.2d 289, 293 (1994)… "Probable cause exists when the facts and circumstances which are within the knowledge of the police officer at the time of the arrest, and of which he has reasonably trustworthy information, are sufficient to warrant a man of reasonable caution in the belief that the suspect has committed or is committing a crime." Renk, supra. …

"The elements of malicious prosecution are: (1) institution of proceedings against the plaintiff without probable cause and with malice, and (2) the proceedings were terminated in favor of the plaintiff. Turano v. Hunt, 158 Pa. Cmwlth. 348, 631 A.2d 822, 824 (1993). "The basis of an action of malicious prosecution is want of probable cause *and* malice." Hugee v. Pennsylvania R. Co., 376 Pa. 286, 290, 101 A.2d 740 (1954)(quoting Miller v. Pennsylvania R. Co., 371 Pa. 308, 312-13, 89 A.2d 809 (1952)).

handgun was not recovered, in the course of the search of the house, Defendants instead found the following: (1) a box containing 3 ziploc plastic bags with bulk marijuana weighing approximately 348 grams and a digital scale on a counter in the kitchen of the residence; (2) two plastic buckets containing 1 bag with 6 smaller bags with marijuana weighing 172 grams, 2 bags with approximately 62 and 114 grams of marijuana, and four larger bags weighing 458, 454, 460 and 442 grams of marijuana, respectively, (3) a bag containing approximately 62 grams of cocaine and another 3 bags with varying quantities of different colored pills with no markings.  These items were found in the middle bedroom of the house, along with mail bearing the name of Alanshean Headen and $2,068 in cash.  In the basement of the house, mail in the name of Darnell Johnson was found along with 2 bags containing approximately 390 and 40 grams of marijuana, a digital scale, a loaded Colt firearm with obliterated serial number and a brown bag containing 29 live rounds and $1,298 in cash.

Plaintiff was the only person in the house at the time of the search and as he testified at deposition, he could only access his rear bedroom by walking through the kitchen.  Under long-established Pennsylvania law, possession can be proven by showing either actual possession (*i.e.*, controlled substance found on a person) or by showing constructive possession

11

(defined as the ability to exercise a conscious dominion over illegal substance – the power to control contraband and the intent to exercise that control). Commonwealth v. Hanson, 623 Pa. 388, 407-408, 82 F.3d 1023, 1035-1036 (2013); Commonwealth v. Macolino, 503 Pa. 201, 206, 469 A.2d 132, 134 (1983). As a result, Defendants indeed had reasonably trustworthy information[3] based upon the totality of the circumstances to believe that Plaintiff had committed the offenses with which he was eventually charged. His arrest was supported by sufficient probable cause and we therefore conclude that summary judgment is properly entered in favor of defendants on all of the Plaintiff's claims against them.

An order follows.

---

[3] Plaintiff argues that "[h]ad defendant Holcom run the Taurus nine mm pistol through the National Crime Information Center (NCIC) as police procedure dictates, he would have known that the handgun in question was in the possession of the Pottstown Police Department since February 4, 2016; and that the allegations being made by Jamar [Headen] were highly questionable." (Pl's Memorandum of Law in Support of Plaintiff's Answer to Defendants' Motion for Summary Judgment at p. 6).

Although it is of course highly desirable that all police procedures be properly followed at all times, the law does not require an officer to parse all statements or reports of victims or witnesses for truthfulness. "Statements of a victim witness are typically sufficient to establish probable cause in the absence of independent exculpatory evidence or substantial evidence of a witness's own unreliability that outweighs the probable cause that otherwise exists." Dempsey v. Bucknell University, 834 F.3d 457, 478 (3d Cir. 2016)(quoting Wilson v. Russo, 212 F.3d 781, 790 (3d Cir. 2000)).